IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT OWEN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:21-CV-137-WHA |
| ) | [WO] |
| ) | |
| ) | |
| LARRY NIXON, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Robert Owen Williams, an indigent inmate currently incarcerated at the Autauga Metro Jail. In the instant complaint, Williams alleges that the force used against him at the jail on January 28, 2021 was excessive. Doc. 1.

The defendant filed a special report and supplemental report supported by relevant evidentiary materials, including sworn declarations, other documents and a video recording, in which he addresses the claims presented by Williams. *See* Doc. 15 & Docs. 15-1 through Doc. 15-4; Doc. 18 & Doc. 18-1. In these documents, the defendant denies any violation of Williams' constitutional rights and the video recording of the challenged use of force appears to support the defendant's version of events.

Upon review of the defendant's report, supplemental report and supporting evidentiary materials, the undersigned entered an order directing Williams to file a response to the reports. Doc. 19. The order advised Williams that his failure to respond

would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 19 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [Williams] that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure.**" Doc. 19 at 1 (emphasis in original). The time allotted Williams to file a response in compliance with this order expired on August 17, 2021. Doc. 19 at 1. As of the present date, Williams has failed to file a response in opposition to the defendant's reports and supporting evidentiary materials as ordered by the court. In light of this failure, the undersigned finds the instant case should be dismissed.

The undersigned has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, it is clear dismissal of this case is the proper course of action. Williams is indigent. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, his inaction in the face of the defendant's reports and this court's order suggests a loss of interest in the continued prosecution of this case. Finally, it appears that any additional effort by the court to secure Williams' compliance would be unavailing and a waste of this court's scarce resources. Consequently, the abandonment of this case by Williams as evidenced in his failure to comply with an order of this court warrants dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion).

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket[,]" and "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For the above-stated reasons and in light of the video evidence before the court, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice.

On or before **September 29, 2021,** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a

party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 14th day of September, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge